Ashburn, J.
The condition of the record does not require the determination of any question on the merits of the case. Only questions of practice are presented.
*564 Nothing appears on the record to show what, if any, testimony was offered by plaintiff, and admitted by the court on the trial, calculated to take the defendant by surprise, which ordinary prudence could not have guarded against.
The record is equally wanting in facts tending to show the discovery of new and material evidence which defendant could not, with reasonable diligence, have discovered and produced on the trial.
The assignments for a new trial based on these grounds, being wholly unsupported, must fall.
The remaining assignment for a new trial, “ that there was error in the charge of the court to the jury,” is not such an assignment of cause .for a new trial as will authorize the evidence, given on the trial, to be brought on the record for review by bill of exceptions.
By the'act of April 12, 1858 (S. & C. 1155), authorizing a review of the evidence for alleged error in overruling a motion for a new trial, a party demanding a review of the evidence must lay the foundation for bringing the evidence on the record for review, by assigning, in the motion for a new trial that the verdict of the jury, or finding of the court, is against “ the evidence.” No such cause for a new trial was assigned. Such an assignment, as a reason for a new trial, is an indispensable prerequisite to bring the evidence on the record by bill of exceptions for review on the overruling the motion.
We know of no exceptions to this rule. Prior to the act of 1858, it was held, in the case of Remington v. Harrington, 8 Ohio, 508, that, “in motions for a new trial, points not stated in the motion are not open for discussion in the court in bank.” And in Westfall v. Hagan et al., 14 Ohio St. 276, it was held: “ The findings of a court or jury, on the trial of issues of fact made by the pleadings in the action, are not subject to review on error, except where it appears from the record that a motion for a new trial had been made on the ground that the verdict or finding of the *565 court is against the evidence, and such motion has been overruled.”
In this case, no motion for a new trial having been made for the reason that the verdict was against the evidence, there was no authority for bringing the evidence into the record. Hence the district court was not authorized to review it. Ide v. Churchill, 14 Ohio St. 372.
On the conclusion of the evidence, the defendant requested the court to give in charge to the jury three propositions of law. The court refused to charge as requested. No exception was taken to this refusal. The court then gave a charge to the jury consisting of a series of legal propositions. At the conclusion of the general charge the following general exception is found, “to all of which the defendant then and there excepted, and, after a verdict and before judgment, made his motion for a new trial, which was overruled — to all of which the defendant at the time excepted, and presented this his bill of exceptions, which was allowed and signed, and made part of the record.”
It has been repeatedly held in this state, that where the charge of the court to the jury consists of several distinct legal propositions, a general exception is insufficient. The exception must be specific, and distinctly point out the portion, or propositions in the charge claimed to be erroneous.
Under this general exception, the district court was not authorized to look into the charge of the court.
The party seeking a review, having neglected to lay the necessary foundation for bringing the case into the district court for review on the law or the evidence, was not in a condition to invoke the action of the court in either of these respects. It follows that the district court erred in reversing the judgment of the court of common pleas.
Judgment of the district court reversed, and that of the common pleas affirmed, and cause remanded to the court of common pleas for execution.